## 12770

LORICK & LOWRANCE, INC., v. JULIUS H. WALKER & CO.

(150 S. E., 789)

310

*Mr. Edward L. Craig,* for appellant,

*Messrs. Melton & Belser,* for respondent,

December 3, 1929.

The opinion of the Court was delivered by Mr. Justice Blease.

It seems difficult to get this case ended. It was here once before. The judgment in favor of the plaintiff was reversed. See 147 S. C., 178, 145 S. E., 33. From the action we shall take, it may come again, although we hope not.

The appellant, as plaintiff, sued the respondent, as defendant, in the County Court of Richland County on an open account. The itemized statement, served with the complaint, showed that the respondent had purchased from the appellant goods to the amount of $1,380.73; a credit on the account by the return of goods to the amount of $34.67; and a balance due of $1,346.06, for which amount judgment was demanded.

The defendant admitted all of the account except two items for lime, the total price of which was $18.75. The de-

fendant also claimed that, in addition to those two items of lime, plaintiff had sold to it other lime to the amount of $27.75, and for which payment had been made; that all the lime, which was purchased for use in the construction of a brick residence for one Coleman, was worthless and unfit for use; that, because of the use of this lime in the building of the brick work of the house, work was defective and had to be rebuilt, to the defendant's damage in the sum of $1,297.00. On account of this damage, $1,297.00, and the worthless lime purchased, amounting in the aggregate to $46.50, the defendant claimed offsets and a counterclaim to the plaintiff's account amounting to $1,343.50, leaving an admitted balance of $2.56. This admitted sum was deposited in Court by the defendant for the benefit of the plaintiff.

By reply, the plaintiff denied all the matters set up in the answer of the defendant.

The jury were allowed to return a sealed verdict. Although the defendant did not ask a verdict for any amount against the plaintiff, the verdict was *in favor of the defendant for the sum of $1,343.50,* the sum of plaintiff's demand, less the deposit of $2.56.

When the verdict was published, counsel for plaintiff stated to the Court: "That must be for the plaintiff. The defendant hasn't asked for that much." The trial judge was under the impression that he had no right to send the jury back for further consideration, since they had been allowed to separate after agreeing upon, and prior to returning their verdict. He stated that if the jury had returned an erroneous verdict, he would have to grant a new trial. The plaintiff then moved for a new trial.

Thereafter, the defendant gave written notice to the trial judge and the plaintiff that it would move the Court to interpret and construe the pleadings and evidence in the case, and render a verdict in favor of the plaintiff for $1,346.06, less the sum of $2.56, the amount deposited by the defend-

ant in court, and to have deducted from that judgment in favor of the ·plaintiff the sum of $1,343.50, found by the jury in favor of the defendant against the plaintiff, canceling in that manner the respective claims of the parties, and for entry of judgment in the case in favor of the defendant, as prayed by its answer, namely, for a dismissal of the complaint with costs against the plaintiff. In that notice, the defendant also offered and agreed to remit on the record the sum of $1,343.50, found by the jury in its favor against the plaintiff, or in the alternative to consent to a verdict in like amount in favor of the plaintiff against the defendant, said judgments to offset each other.

The motion for new trial on the part of the plaintiff, and the motion under the notice given by the defendant, were heard together by the presiding judge. He went into the matter very fully, and filed an order refusing plaintiff's motion for a new trial, and directed that the verdict found by the jury in favor of the defendant against the plaintiff and that judgment be entered for the defendant, with the costs against the plaintiff.

From the judgment entered and the order of the County Judge, the plaintiff has appealed to this Court on six exceptions. We think it necessary only to consider the exceptions relating to the refusal to grant a new trial, because of the irregularity appearing on the face of the verdict.

By the pleadings of the parties, it was conceded that · the plaintiff was entitled to recover on its account the sum of $1,346.06, less the items for lime of $18.-75 and the deposit of $2.56, or the net sum of $1,324.75. The deposit of $2.56 was, of course, not in dispute. There were in dispute the sum of $18.75 for lime, charged on the account, the other matter of $27.75 for lime,. and $1,297, claimed by defendant as damages.

If the offsets and counterclaim of the defendant were not sustained, the plaintiff was clearly entitled to recover

$1,346.06 less the $2.56 deposit, or $1,343.50, *the exact amount found by the jury for the defendant.*

If all the claims of the defendant were established, the plaintiff was only entitled to recover $2.56, the amount in Court, admitted to be due it, and the verdict should have been simply: "We find for the defendant."

If the defendant failed to make good all of its claims, but established some of them, in whole or in part, the amount of the plaintiff's claim should have been reduced according to the amount of the established claims of the defendant, and the verdict should have been for the plaintiff for that difference.

*In no event should the defendant have been awarded a verdict against the plaintiff for $1,343.50, the amount found, or even for any lesser sum.*

The verdict of the jury was not, therefore, responsive to the pleadings, and it was clearly erroneous.

While the appellant has not questioned by proper exception, the declination of the presiding Judge to have the jury return to their room for a reconsideration of the verdict, that it might have been put in proper form, we may say in passing that the Court had that power. Even when a sealed verdict is permitted to be returned, and the jury has been allowed to disperse and separate from the time of their announcement of agreement to the time of the publication of the verdict, when it appears that the verdict is clearly erroneous as to form, the judge has the power to require a reconsideration by the jury. See *Devore v. Geiger*, 41 S. C., 138, 19 S. E., 228; *Lagrone v. Timmerman*, 46 S. C., 372, 24 S. E., 290.

If the judge thought there was an error in the form of the verdict, either in the misuse of the word "defendant" for that of "plaintiff," or as to the amount of the finding for the defendant, he had the right to inquire thereabout, in the proper manner, or by polling the jury, and, upon ascertainment that there was an error, he could have

directed a proper correction, either by sending the jury back to their room to write a correct verdict or by having the correction made in open Court with the jury's consent. *Devore v. Geiger, supra; Lagrone v. Timmerman, supra; Sanders v. Bagwel,* 37 S. C., 145, 15 S. E., 714, 16 S. E., 770; *B. F. King & Son v. Lane,* 68 S. C., 430, 47 S. E., 704.

But in the case at bar, there was no effort to reform or correct the verdict, clearly erroneous in some way, until after the jury was fully discharged from consideration of the case. Then, on motion of the defendant, the trial Judge sought to write into the verdict what he conceived to have been the intention of the jury. Perhaps he figured it out correctly, and there are some good reasons for the conclusion he reached, which was that the jury intended to balance the claim of the plaintiff against the defendant by giving the latter all it claimed against the plaintiff. But there are at least two reasons occurring to us, both found in the record, which would tend to cast some doubt upon the correctness of the trial Judge's conclusion. The first is that the amount named in the verdict was the exact sum claimed by the plaintiff, less the $2.56 deposit; and the Court had specifically charged the jury not to consider that deposit, but to "decide only as to the amounts in dispute."

The other reason relates to an occurrence while the jury had their verdict under consideration. The record shows this:

"The jury having deliberated for several hours upon their verdict in this case, upon the request of the Court they were brought back into the court room.

"The Court: Have you agreed on a verdict, Mr. Foreman?

"Mr. Foreman: We have not agreed. The jury cannot agree, your Honor. There is one question I would like to ask you. *Can the jury come to an agreement within any amount of money within the plaintiff's case that it sees fit?* (Italics added.)

"The Court: If you mean by sees fit, and ask me if the jury can give a verdict for any amount, if you mean by sees fit, that that is for according to the evidence and the law in the case, my answer would be, *why you do it according to the law and the evidence in the case. Your judgment would be as to that and not as to anything either or all of you should see fit. You have to be governed by the law and the evidence in the matter. Of course, you cannot take what is known as a quotient verdict. You cannot arrive at it by one man saying I say $1.00 and another man saying I say $2,000.00, and then taking the average. You cannot do that. You have to agree on the amount that you all think is the proper amount, if an amount is to be given. You are there to go by the law and the evidence, of course, and if in your judgment a party is entitled to so much, according to the law and the evidence, that is the amount that should be given, but it must be according to the law and the evidence as all six of you agree upon it. The word true verdict, means a true saying on the part of you six men.* You all have to say that so and so is the case as between these two parties. In this State, of course, it means that all six have to agree that that is the proper saying in order to make it a correct verdict." (Emphasis ours.)

The question asked in open Court by the foreman would indicate, apparently, that the jury, or at least some of them, were of the opinion at that time that the plaintiff, while entitled to a favorable verdict, should not recover the whole amount of its demand. The purpose of the foreman's inquiry was, doubtless, to elicit if the jury might return a verdict in favor of the plaintiff for an amount less than its entire demand. And a verdict of that kind may have been proper under the circumstances. There were separate orders and deliveries of the lime. If the jury were convinced by the evidence that some of the lime claimed to be worthless by the defendant was good and other of it was not good, the plaintiff was entitled to recover for the sound lime. Too, the de-

fendant's damage, if any, resulting from the alleged worthless lime, may not have amounted to the whole sum claimed by the defendant, in the jury's opinion. The jury had the right, if the evidence justified it, to reduce the damages claimed by the defendant.

In seeking to properly impress upon the jury their duty, under the law, to find a *true verdict,* according to the evidence, the trial judge may have caused the jury to reach the conclusion that they had to find for the plaintiff the whole amount it demanded or nothing. Accepted ordinarily, as it was intended, the language of the judge which we have italicized should have been considered by the jurors to mean that they were not to find a quotient verdict, but that they were to render a verdict in strict accord with the law and the evidence. But that language may have been taken by the jury, in connection with the inquiry of the foreman, to mean that the verdict must be for the whole amount demanded by the plaintiff, and for no sum less than that—that the jury could not "compromise," as it is generally denominated, the differences between the parties, or their own views. Or, it may have been thought by the jurors that they had to find for the defendant the entire amount the plaintiff demanded against it. Of course, it is difficult oftentimes to understand the mental operations of a jury, and we are aware that frequently individual members of the panel change their minds, after consultation with their fellows, as sometimes they should do. But here we must be impressed with the fact that, after "having deliberated for several hours," the jury, with some one or more of them, minded to give the plaintiff some "amount of money within the plaintiff's case that it sees fit," soon thereafter unanimously rendered a verdict, not for the plaintiff at all, but in favor of the defendant for the whole amount claimed against the defendant by the plaintiff.

While it may not plainly appear in the record, there is another thing occurring to us, which may have tended to confuse the jury in their finding. The de-

fendant set up a counterclaim and other affirmative defenses. When a defendant interposes an affirmative defense, he becomes as to that matter the actor in the suit, and the burden of proof rests upon him to establish his affirmative defense by the preponderance of the evidence. Very often in civil cases, because of admissions of the defendant as to the cause of action against him by the plaintiff, and on account of the affirmative matters alleged by the defendant, the defendant is entitled to the opening and reply, both in the introduction of evidence and in the argument to the jury. In instances of this kind, it may be readily seen how a jury, unless carefully instructed, may regard the defendant, because he is the actor, as the plaintiff. Even if the parties in this case retained their usual position in the introduction of evidence and in the argument, it may be, because the defendant assumed the burden of proving so much in the establishment of its affirmative defenses, that the jury became confused, and inadvertently referred to the defendant as the plaintiff and the plaintiff as the defendant.

Certainly, the matters to which we have called attention, and the form of the verdict returned are altogether sufficient to make it reasonably appear that there was doubt and confusion as to the verdict intended to be agreed upon and returned. And the jury were not given an opportunity to clear up the obvious confusion.

The defendant's counsel, evidently, was aware that the verdict was misleading, for he sought to have it straightened out through the motion he made. The learned Judge also recognized that the form of the verdict was such as to make it at least doubtful as to what finding the jury intended to make, for he sought, after the discharge of the jury, to construe it as he deemed it to be proper in the situation. And the main question here for determination is: Did the Judge err in doing what he endeavored to do? Or, should he have granted the plaintiff's motion for a new trial?

While a trial Judge may have the right in certain instances in a civil case to make, or order made, a correction in the verdict of a jury, after discharge of the jury, for the purpose of giving effect to what the jury unmistakably found, that power is limited strictly to cases where the jury has expressed their findings in an informal manner (27 R. C. L., 877-8), but "the Judge cannot, under the power of amending the verdict, invade the province of the jury or substitute his verdict for theirs." Il.

"A verdict should be certain and import a definite meaning free from ambiguity." 27 R. C. L., 858.

"Facts admitted by the pleadings must not be contradicted by the verdict, for, if this is done, the jury transcends their authority. It is only the controverted points, those facts distinctly affirmed on the one side and negatived on the other, with which they have to do." 29 A. & E., Ency. of Law 1003.

In his charge, the trial Judge plainly charged the jury in accordance with this principle, but it seems that the jurors did not understand the instruction given. The case of *Virginia-Carolina Chemical Company v. Kirven,* 65 S. C., 197, 43 S. E., 658, was considered fully by the County Judge in passing upon the motions made before him, but he was of the opinion that it was not applicable to the questions he had to determine. We regret our inability to agree with that conclusion, for we think the case is very much in point, and the principle there anounced is in harmony with the general principle stated in our last quotation from American & English Encyclopedia of Law. In that case, it was admitted that the plaintiff was entitled to a verdict against the defendant for the sum of $175.50 for kainit, sold and delivered to the defendant by the plaintiff, as to which the soundness of the commodity was not in question. There was a dispute between the parties as to the soundness of other fertilizers sold to the defendant by the plaintiff. The jury found for the defendant generally. There was nothing in the verdict to indicate

that the jury had taken into consideration the undisputed sum due to the plaintiff by the defendant. The Circuit Judge refused the plaintiff's motion for a new trial, but this Court reversed his order. In delivering the opinion of this Court, Mr. Justice Gary said: "A verdict is erroneous when it is not responsive to the issue made by the pleadings, or when it is unsupported by the testimony when viewed in every light."

It is urged that the *Kirven case* is not authority here, for the reason that the proceeding there was under the statutes relating to the foreclosure of an agricultural lien, the pleadings consisting only of the affidavits of the parties, plaintiff and defendant; while in this case here, the pleadings were made up by the usual complaint and answer. We do not think there is anything in the distinction sought to be made. In a proceeding to enforce a lien on crops, the pleadings are made up of the affidavits of the parties, just as in an ordinary civil action the pleadings are made up of the complaint and answer.

We are of the opinion that, from all the surrounding circumstances, the verdict rendered by the jury in·this case was so confused and misleading that the same should not be allowed to stand, for it is too uncertain what the jury intended to find. A verdict of a jury should be upheld when it is possible to do so, and·carry into effect what was clearly the intention of the jury. When a verdict is so confused, however, that it is not absolutely clear what the jury intended to do, the safest and best course for the Court to pursue is to order a new trial. Judges and parties should not be required to guess as to what verdict a jury sought to render.

The judgment of this Court is that the order of the County Judge refusing the plaintiff a new trial be, and the same is hereby, reversed, and that the cause be remanded to the County Court of Richland County for a new trial.

MR. CHIEF. JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.