14620

## STATE v. JOHNSON

(195 S. E., 329)

May, 1937.

*Mr. C. T. McDonald,* for appellant.

*Messrs. G. Lloyd Ford, Solicitor,* and *McEachin & Townsend,* for respondent,

February 23, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The defendant, C. P. Johnson, was tried upon an indictment returned on the fourth Monday in March, 1937, charging him with the embezzlement of public funds in the sum of $6,634.41, belonging to the County of Florence, between the dates of January 13, 1933, and January 31, 1937, while acting in the capacity of deputy delinquent tax collector for said county. The trial resulted in the following verdict: "Guilty, with recommendation to mercy." Upon this verdict the following judgment was pronounced: "That you, C. P. Johnson, be confined at hard labor for a period of three (3) years in the State penitentiary, and pay a fine of Two Hundred ($200.00) Dollars."

The State in this case predicates the indictment upon Section 1510, 1932 Code, which provides: "All officers and other persons charged with the safe keeping, transfer and disbursements of any public funds, who shall embezzle the same, shall be deemed guilty of felony, and, upon conviction thereof, shall be punished by fine and imprisonment, in the discretion of the court; said fine and imprisonment to be proportioned to the amount of the embezzlement."

This statute was enacted by the General Assembly pursuant to the following provision of the Constitution, 1895, Art. 10, § 12: "And it shall be the duty of the General Assembly to pass laws making embezzlement of such funds a felony, punishable by fine and imprisonment, proportioned to the amount of the deficiency or embezzlement."

The appellant by his exceptions assigns error to the trial Court in giving the following charge to the jury: "Under this indictment, Gentlemen, according to its terms, the charge sets forth the fraudulent conversion of public funds of the value of $6,634.41. In order to make out the charge

of embezzlement, it is not necessary that the State satisfy you beyond a reasonable doubt that the defendant fraudulently converted the sum of $6,634.41. If the State has satisfied you of the fraudulent conversion of any of the public funds of the County of Florence as to any of the items charged by the State in the testimony which you have heard; if the State has made out the charge as to any one of the items * * * that the defendant fraudulently converted the sum represented by that one item to his own use, with the intention of appropriating that money to his own use, the charge will have been made out." The error alleged being that the Court should have gone further and instructed the jury that upon conviction they should specifically find what amount, if any, had been embezzled, as required by the constitutional and statutory provisions hereinabove referred to, so that the sentence might be proportioned in accordance therewith.

Upon motion made for a new trial, the validity and sufficiency of the verdict was challenged, and one of the questions raised and argued before the trial Judge was whether any judgment could be pronounced upon this verdict in the absence of a special finding of the amount embezzled. In overruling the motion, the Court referred to the statutory requirement and held, "that the presiding Judge, in fixing sentence, should fix a sentence proportionate to the amount which the record satisfies him has been embezzled."

In our opinion, under the embezzlement statute, the jury, on conviction, should ascertain and declare in their verdict the amount of the embezzlement; otherwise, how could the amount of the fine and the term of the imprisonment be legally arrived at? How could the Court adjudge the punishment in the absence of this finding of fact by the trial jury? If the Court should pass upon the evidence for the purpose of determining the amount embezzled, it would be assuming the functions of the jury. We think that the rule to be applied here is analogous to that announced in several early cases dealing with prosecutions for crimes,

where the degree of punishment depends upon the grade of the offense. An examination of these cases will show the similarity of the principle involved.

In *State v. Major,* 14 Rich., 76, the indictment contained three counts. In the first the three defendants were charged with stealing a colt; in the second, Warren and Hiram Major were charged with the same offense, and Daniel Major was charged as accessory before the fact; and in the third count, all three were charged with a misdemeanor, in receiving the colt knowing it to be stolen. The jury found the following verdict: "Warren T. Major and Hiram Major guilty; Daniel Major guilty of petit larceny." One of the questions raised on a motion for a new trial was whether any judgment could be pronounced upon this verdict. The Court held that the offenses charged being distinct and different, and subject to different punishments, there was no means of determining from the verdict of what offense the parties were guilty, and hence no means of ascertaining what punishment should be imposed. The Court drew a distinction between this case and that of "the case of a general verdict on an indictment containing several counts charging offences of the same general nature, but different degrees, where each higher necessarily includes all the lower grades, distinguished from them by an aggravation of guilt and a corresponding increase in the measure, but not variation in the kind of penalty, and where the less offence being merged in the greater, the general verdict shall be taken to have found the highest grade, if the proof be applicable to it," as in the case of *State v. Tidwell,* 5 Strob., 1; and said it was rather a case where distinct offenses are charged, for each of which the law prescribes a different and distinct punishment, and that a general verdict not showing of which offense the parties have been found guilty, the Court cannot know what judgment to pronounce, as in the case of *State v. Montague,* 2 McCord, 257. It will be observed that in this case it does not appear that any instructions were given to the jury as to

the form in which they might find their verdict, or as to the effect of a general verdict.

In *State v. Nelson,* 14 Rich., 169, 94 Am. Dec., 130, the indictment contained three counts: The first charging burglary, the second charging another burglary at a different time and place from the first, and the third charging larceny, at the same time and place mentioned in the second count; the alleged value of the property stolen being under $20.00. So that the case presented was one in which two distinct felonies and a misdemeanor were charged in different counts of the same indictment; the misdemeanor charged growing out of the same transaction as that upon which the second felony charged rested, with a general verdict of guilty. Upon a motion in arrest of judgment, which the Court treated as a motion for a new trial, the rule was laid down in the following language: "Where an indictment charges the same transaction in one count as a felony, and in another as a misdemeanor of such nature that the latter is or may be included in the former, it is merged in it, if the higher offense has been consummated; and the jury, even if there were no charge of the less offense in a separate count, might convict of this under the count for the greater, if the evidence, in their judgment, warranted no more. A general verdict of guilty is understood to find the higher offence, if there is testimony to support it; and the finding of such verdict is not a ground for a new trial even. It is proper, however, that the jury should be distinctly instructed as to the effect of their general finding in such case, and that they are at liberty to distinguish, and, according to their views of the evidence, convict on the one count or the other, and it is more satisfactory that they should do this."

These cases were reviewed in *State v. Smith,* 18 S. C., 149, and the Court, speaking through Chief Justice McIver, reached this conclusion: "We think that the rule to be extracted from them is, that where several distinct offenses are charged in different counts of an indictment, all growing out of the same act or acts, even though subject to different

punishments, a general verdict of guilty furnishes no ground for a motion in arrest of judgment, and no ground for a new trial, provided the jury have been explicitly instructed that the effect of a general verdict will be to find the party accused guilty of the highest offense charged in the indictment, and that they have the right to designate in their verdict which one of the particular offenses charged they believe the accused to be guilty of."

In *State v. Major, supra*, the Court, discussing the necessity of a finding by the jury where the indictment contained distinct counts, each charging the person with a distinct and independent offense, and for each of which offenses the law has provided a different and distinct punishment, said: "In such a case, if the court should look into the evidence, in order to discover to which of the alleged offences it points, and interpret the verdict according to its judgment as to whether the one or the other has been proved, it would be assuming the functions of the jury, and supplying, by its own conclusion as to the degree of guilt, that which the jury ought to have, but has not found. It seems to the Court that a new trial is necessary to ascertain specifically the sense of the jury, that the Court may be enabled to award the punishment which the law affixes to the particular offence. of which the defendants have been guilty." See also an informative note on this subject in 79 A. L. R., 1180.

There is no reason why the principle announced in the foregoing cases should not be applied in this case.

It is just and right that it should be. While it is true that the crime of embezzlement under the statute is not divided into grades, such as grand larceny and petit larceny, for the conviction of which the law provides a different degree of punishment, yet the same thing is achieved in effect when the Constitution and the statute provides that the punishment shall be proportioned to the amount of the embezzlement.

Manifestly, it was the purpose of the constitutional and statutory provision to make the degree or measure of the

punishment dependent upon the amount embezzled (as in grand larceny or petit larceny) ; and in our opinion it cannot be questioned that the amount must be determined by the jury, so that the Court may determine the punishment. That this should be done is a matter of gravest concern to the defendant. It is his legal right. It appears in this case that the Judge did not require the jury to find the amount embezzled by the defendant, but on a general verdict of guilty imposed a sentence proportioned to the amount which he himself believed had been embezzled. In doing this, he assumed the functions of the jury which cannot be done. If this could be done, then would it not have been just as legal in the first instance to have dispensed with the jury trial altogether?

In the quoted instructions given by the Court to the jury, we find no error, but the charge did not go far enough. The jury should have been explicitly instructed, in the event of conviction, to state in their verdict the amount embezzled; for, without such finding, the Court is not possessed of information essential for determining the measure of punishment. In this case, under the instructions given, the jury might have found that the defendant was guilty of embezzling any one or the whole of several hundred items charged against him; or they might have found the d e f e n d a n t guilty of embezzling the sum of $204.00, which he admitted to have embezzled; or the jury might have found that the defendant was guilty of embezzling $3.42, which was the smallest item charged against him.

Perhaps the severest criticism directed against the administration of the criminal law in this country is that technicalities are permitted to defeat the administration of justice. The issue which we have discussed is not a technicality and does not come within that category. The question raised involves a substantial legal right of the highest importance to the defendant—a right with which he is invested, both by the Constitution and by the law and one which directly af-

fects his liberty. Such a substantial right cannot be regarded as technical, nor can its deprivation be regarded as nonprejudicial.

In our opinion, it is necessary that a new trial be granted so that the specific amount embezzled, if any, shall be ascertained and declared by the verdict of the jury.

The defendant also appeals upon the ground that prior to his trial he was refused a preliminary hearing. In view of the fact that we are granting a new trial, this question now goes out of the case.

Error is charged upon the ground that the Court permitted the introduction of inadmissible evidence in connection with the testimony of various persons, who stated that they had made payment of their taxes to the defendant. Objection was also made to the admission in evidence, over the objection of the appellant, of an audit prepared by one D. R. Lide. We have carefully examined the record, and find that the exceptions raising these questions are untenable. They are, therefore, overruled.

For the error pointed out, the judgment of the lower Court is reversed, and the case is remanded for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.