562 S.E.2d 654

**George Rufus WERTZ, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25447.**

Supreme Court of South Carolina.

Submitted March 21, 2002.

Decided April 22, 2002.

George Rufus Wertz, Jr., of Turbeville, pro se.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney

General B. Allen Bullard, Jr., and Assistant Attorney General Dave Spencer; all of Columbia, for respondent.

Justice MOORE:

We granted this petition for a writ of certiorari to determine if the post-conviction relief (PCR) court erred by denying petitioner's PCR application. We reverse.

## PROCEDURAL FACTS

Petitioner was convicted of second degree burglary. He was acquitted of grand larceny and possession of a firearm during the commission of a violent crime. His conviction and sentence were affirmed on direct appeal by the Court of Appeals. *State v. Wertz*, Op. No. 98–UP–099 (S.C. Ct.App. filed February 19, 1998).

After a hearing, petitioner's PCR application was denied. We granted in part and denied in part petitioner's *pro se* petition for a writ of certiorari.

## ISSUE

Was trial counsel ineffective for failing to request the jury's verdict be clarified with respect to the degree of the burglary conviction?

## DISCUSSION

Petitioner's charges arose out of the following facts. A building, housing Carolina Comfort Heating and Air Conditioning, was broken into. The perpetrator entered the building through the bathroom window and allegedly left through a door. When the owner arrived, he found several items missing, including a nine millimeter Beretta hand gun.

During the jury charge, the trial court charged the jury:

> ... this defendant is charged with burglary, second degree .... a person is guilty of burglary in the second degree if a person enters a building without consent with intent to commit a crime therein. When in effect and entry [sic] while in the building or immediate flight therefrom be

another participant in the crime [sic] is armed with a deadly weapon or explosive. Burglary in the third degree is included in the lesser crime in burglary second degree .... a person is guilty of burglary in the third degree if the person enters the building without consent with intent to commit a crime therein. It matters not whether a crime was committed ... for burglary.[1]

The trial court subsequently charged the jury regarding the forms of the verdict:

Count One, burglary. You could be guilty or not guilty, depending upon your view of the facts and circumstances, or it could be guilty of burglary in the third degree or not guilty.

The verdict of the jury on Count One was guilty. Trial counsel did not request that the jury be polled or that the verdict be clarified as to whether the verdict was guilty of second degree burglary or guilty of third degree burglary. The trial court issued the maximum sentence for second degree burglary, which was fifteen years imprisonment.

Petitioner claims trial counsel was ineffective for failing to request that the verdict be clarified with respect to the degree of the burglary conviction. Petitioner further asserts, because he was acquitted of the charge of possession of a firearm during the commission of a violent crime and because the trial court did not charge the jury on the aggravating circumstance of burglary being committed in the nighttime, the jury apparently did not find an aggravating circumstance to support a second degree burglary verdict.

---

1. While there was the possibility the burglary occurred during the nighttime, the jury was not charged with regard to the element of nighttime. Therefore, the only aggravator charged which would elevate the crime to second degree burglary from third degree burglary was "armed with a deadly weapon."

The fact a hand gun is stolen during a burglary makes the perpetrator "armed" with a deadly weapon. *See State v. McCaskill,* 321 S.C. 283, 468 S.E.2d 81 (Ct.App.1996) (to be "armed" with a deadly weapon, a person or "another participant in the crime" need only have physical control over a deadly weapon "in effecting entry or while in the dwelling or in the immediate flight therefrom" such that the weapon is readily available for the person to use; it matters not how person acquired deadly weapon or for what purpose person took possession of deadly weapon).

Petitioner's trial counsel testified at the PCR hearing that his understanding of the verdict was that petitioner was found guilty of second degree burglary.

The PCR court found counsel did not render ineffective assistance to petitioner. The court read the verdict to be that petitioner was guilty of second degree burglary.

■ For petitioner to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308 (2000).

The statute for second degree burglary, S.C.Code Ann. § 16–11–312(B) (Supp.2001), provides:

A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:

(1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:

(a) Is armed with a deadly weapon or explosive . . .

The statute for third degree burglary, S.C.Code Ann. § 16–11–313(A) (Supp.2001), provides that, "[a] person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein."

■ Petitioner asserts that the fact he was acquitted of the charge of possession of a firearm during the commission of a violent crime showed the jury intended to find him guilty of third degree burglary rather than second degree burglary. However, this argument does not aid petitioner.

In *State v. Alexander*, 303 S.C. 377, 401 S.E.2d 146 (1991), we abolished the rule prohibiting inconsistent verdicts. In *Alexander*, the jury found Alexander guilty of kidnapping and criminal sexual conduct (CSC) in the third degree. Alexander claimed that the fact he had been implicitly acquitted of first degree CSC, which has as one definition of it a sexual battery accompanied by a kidnapping, entitled him to a new trial

because the jury had rendered an inconsistent verdict. However, we rejected this claim. Petitioner's claim that the jury could not have found him guilty of second degree burglary because the jury had found him not guilty for the possession of a weapon charge is eviscerated by *State v. Alexander.*

In any event, the question remains whether the jury's verdict was unclear as to the degree of burglary with which petitioner was convicted, and, if so, whether counsel was ineffective for failing to have the verdict clarified at the time of trial.

■ " 'A verdict should be certain and import a definite meaning free from ambiguity.' " *Lorick & Lowrance v. Julius H. Walker & Co.,* 153 S.C. 309, 319, 150 S.E. 789, 792 (1929) (citation omitted).

■ If a party believes there is confusion in the wording of a jury's verdict, that party should call it to the attention of the trial court at the time the verdict is rendered so that any confusion in the verdict's language can be easily cleared up. *Howard v. Kirton,* 144 S.C. 89, 142 S.E. 39 (1928). It is "the duty of the trial judge to decide what the verdict meant, and, in reaching his conclusion thereabout, it [is] his duty to take into consideration not only the language of the verdict, but all the matters that occurred in the course of the trial." *Id.* at 101, 142 S.E. at 43. *See also Durst v. Southern Ry. Co.,* 161 S.C. 498, 159 S.E. 844 (1931) (to determine what jury intended to find construction of verdict can and should depend upon language used by jury and other things occurring in trial).

A verdict of a jury should be upheld when it is possible to do so, and carry into effect what was clearly the intention of the jury. When a verdict is so confused, however, that it is not absolutely clear what the jury intended to do, the safest and best course for the court to pursue is to order a new trial. Judges and parties should not be required to guess as to what verdict a jury sought to render.

*Lorick & Lowrance, supra* at 320, 150 S.E. at 793.

In *State v. Wilson,* 162 S.C. 413, 437, 161 S.E. 104, 113 (1931) (quoting *State v. Smith,* 18 S.C. 149 (1882)) (emphasis added by *Wilson* court), the Court stated:

"... a general verdict of guilty furnishes ... no ground for a new trial, *provided the jury have been explicitly instructed that the effect of a general verdict will be to find the party accused guilty of the highest offense charged in the indictment,* and that they have the right to designate in their verdict which one of the particular offenses charged they believed the accused to be guilty of."

*See also State v. Johnson,* 186 S.C. 202, 195 S.E. 329 (1938) (same).

■ In the instant case, the trial court's instructions to the jury on how the verdict should be rendered were unclear. The trial court, as noted previously, instructed the jury regarding the forms of the verdict:

Count One, burglary. You could be guilty or not guilty, depending upon your view of the facts and circumstances, or it could be guilty of burglary in the third degree or not guilty.

The trial court did not explicitly instruct the jury to specify which degree of burglary for which they were finding petitioner guilty. Further, the jury was not charged that a general verdict had the effect of finding petitioner guilty of the highest offense charged in the indictment. *See State v. Wilson, supra.*

Given these unclear instructions and the general verdict rendered by the jury, counsel was deficient for failing to have the verdict clarified as to which degree of burglary the jury was finding petitioner guilty. *See State v. Wilson, supra.* Counsel should have called the ambiguous verdict to the trial court's attention at the time it was rendered, and, at that time, the confusion could have been easily cleared up. *See Howard v. Kirton, supra.*

We find there is a reasonable probability, but for counsel's error of not requesting that the jury's verdict be clarified, the result of the trial would have been different. *See Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997) (to show prejudice, applicant must show, but for counsel's errors, there is reasonable probability result of trial would have been different).

Accordingly, the PCR court erred by not granting petitioner a new trial on this ground. *See Lorick & Lowrance, supra* (when verdict is so confused, safest and best course for court is to order new trial).

298

## CONCLUSION

We reverse the PCR court on the ground that trial counsel was ineffective for failing to request the jury's verdict be clarified as to the degree of petitioner's burglary conviction. Given our conclusion on this issue, we need not address petitioner's remaining issues.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.