9920

SPARKS v. ATLANTIC COAST LINE R. CO. *ET AL.*

(95 S. E. 344).

1. APPEAL AND ERROR—REVERSAL—EFFECT AS TO JOINT DEFENDANTS.— Where a suit is brought against two defendants, and judgment is rendered in favor of one and against the other, who appeals therefrom, but the successful defendant is not made a party to the appeal, a reversal of the judgment does not reverse the judgment in favor of appellant's codefendant.

2. JUDGMENT—RES JUDICATA—NEW TRIAL.—Where the trial Court had rendered judgment for one of the two defendants, and against the other under the express authority of Code Civ. Proc. 1912, sec. 335, the judgment in favor of such defendant becomes *res judicata* on a subsequent trial on reversal of judgment of the codefendant.

3. JUDGMENT—INJURIES TO SERVANT—JOINT DEFENDANTS.—In a passenger's action against a railroad company and one of its conductors for damages in being thrown from the train, a judgment in favor of the conductor is binding, although the judgment against the company was reversed on appeal, and it is *res judicata* that the conductor has done no wrong for which the company would be liable under the doctrine of *respondeat superior.*

Before PRINCE, J., Sumter, ———. Affirmed.

Action by W. E. Sparks, as administrator of Eugene Sparks, deceased, against the Atlantic Coast Line Railroad

Company and another. Judgment for defendants and plaintiff appeals.

Messrs. *L. D. Jennings* and *A. S. Harby,* for appellant, cite: *As to effect of decision of the Supreme Court upon a former appeal in this case:* (104 S. C. 266); 101 S. C. 11; 32 S. C. 511; 10 Ark. 555; 182 Ind. 278; 38 App. D. C. 5; 140 Fed. Rep. 419; 149 Fed. Rep. 136; 73 Tex. 12; 15 Am. St. Rep. 743; 73 S. C. 185; 59 S. C. 101; 65 S. C. 418; 100 S. C. 483; 29 S. C. 317.

Messrs. *P. A. Willcox, Mark Reynolds* and *L. W. McLemore,* for respondents.

1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought this action for damages against the railroad company and L. C. Jones, one of its passenger conductors, alleging that the conductor, or some other agent of the company, threw plaintiff's intestate off a moving train and thereby caused his death. The jury returned a verdict against the railroad company alone, and the judgments were entered thereon in favor of plaintiff against the company, and in favor of Jones against the plaintiff. The company appealed from the judgment entered against it, but plaintiff did not appeal from the judgment entered against him in favor of Jones. On hearing the company's appeal, this Court reversed the judgment against it, and ordered a new trial on the ground that the liability of the company was predicated solely upon the alleged wrongful act of Jones, and, as the jury had found in favor of Jones, thereby acquitting him of any wrongful act, the company was necessarily acquitted of any wrongful act done through the agency of Jones. 104 S. C. 266, 88 S. E. 739.

When the case went back to the Circuit Court, the company, by supplemental answer, pleaded the judgment in

favor of Jones as a bar to the further prosecution of the action. The Court sustained the plea in so far as the liability of the company depended upon the acts of Jones, holding that Jones and his alleged wrongful acts were out of the case, as the verdict and judgment in his favor amounted to an adjudication that he was guilty of no actionable wrong. But the Court further held that, as there was an allegation in the complaint that plaintiff's intestate was thrown from the train by Jones, or some other agent of the defendant company, the judgment in favor of Jones did not preclude the plaintiff from proving that the death of his intestate was caused by the wrongful act of some other agent or servant of the company for whose act the company would be liable. Under this ruling, plaintiff introduced testimony tending to prove that the train porter assisted Jones in throwing plaintiff's intestate off. Jones and the porter both denied that they had put him off, and the testimony of several other witnesses examined on behalf of the company, tended to prove that intestate was not on the train the night that he was killed.

The Court instructed the jury that the company was liable for the wrongful acts of the porter, within the scope of his duty, and that it would be no defense to the company that he was commanded thereunto by the conductor, a superior authority, since he was not bound to obey an order to do that which was wrong. The jury returned a verdict for defendant, and from judgment thereon, plaintiff appealed.

Appellant contends that the legal effect of the reversal of the judgment against the company by this Court on the first appeal was to reverse also the judgment that had been entered in favor of Jones, and to set aside the verdict, and, therefore, a new trial of all the issues should have been had, just as if there had been no former trial. That contention overlooks the fact that Jones was not a party to the former appeal, as no notice of the appeal

had been served upon him.    Therefore this Court was without jurisdiction to deprive him of the rights which he had acquired by the judgment in his favor.    Before that could have been done, he must have had notice and opportunity to be heard; otherwise he would have been deprived of a vested right without due process of law.    It is too elementary to require argument or citation of authority that the parties to a judgment unappealed from are bound by it, even though it may be erroneous, so that it would have been reversed on appeal.

It is equally clear that it is competent for the Court to render judgment "for or against one or more of several plaintiffs, and for or against one or more of several defendants."    Code Civ. Proc., sec. 335.    It follows that the Circuit Court correctly ruled that the matters involved in the judgment in favor of Jones were *res adjudicata,* and, therefore, Jones and his alleged wrongful acts were out of the case, and the company could not be liable for them.    In fact, it had been finally adjudicated that Jones had done no wrong.    It necessarily follows that the company had done no wrong through the agency of Jones.

Moreover, if Jones' wrongful acts had caused the injury, and the company had been made to pay damages therefor under the doctrine of *respondeat superior,* the company would have had a right of action over against him, or, being a party to the action with the company, it would have had the right to compel him to pay the judgment.    But it is perfectly clear that the company will be deprived of that right if it can now be held liable for the acts of Jones after he had been discharged from liability in the same action with the company for the same wrong, for the judgment in his favor would bar an action of the company against him, or any attempt on the part of the company to compel him to pay the judgment obtained against it. As between him and the plaintiff and as between him and the company, it is *res adjudicata* that he has done no actionable

wrong.    The recent case of *Jones v. Railway,* 106 S. C. 20, 90 S. E. 183, is directly in point, and it is conclusive against the contentions of appellant.

The case of *Barfield v. Coker,* 73 S. C. 181, 53 S. E. 170, relied on by appellant, is not in point.    In that case Coker & Co. and Woodham were sued together for the tort of Woodham, done as the agent of Coker & Co.    At the first trial on Circuit, the jury found against Coker & Co. alone. So far the analogy between that case and this is complete. But in that case the trial Judge set aside the verdict and ordered a new trial, and at that point the analogy ends. The verdict having been set aside, no judgment was entered thereon for or against any of the parties, and, of course, the new trial was had just as if there had been no former verdict.    On appeal from the judgment entered on the verdict found at the second trial against both defendants, saying:

"Whatever may have been the effect of the verdict against J. L. Coker & Co. alone, if final judgment had been entered and retained thereon, in exonerating defendant, Woodham, from another or further suit thereon, it is clear that the setting aside of the verdict and granting a new trial operated to restore the status of the case as it existed before trial.    If a verdict against J. L. Coker & Co. alone implied a finding in favor of defendant, Woodham, the setting aside of that verdict necessarily removed the implication"—the language of the Court implies that, if judgment had been entered upon the verdict in favor of Woodham and retained, he would have been exonerated from further suit.    But, as the verdict was set aside, no such judgment could have been entered thereon.    A verdict is not a final judgment.    From it no appeal can be taken.    It is merely a basis upon which a judgment may be entered.    In this case the verdict was not set aside, and judgment was entered thereon in favor of Jones, and no appeal was taken from that judgment.    It is, therefore, conclusive and binding upon all parties to the record.

The judgment of the Circuit Court is affirmed.

Messrs. Justices Fraser and Gage concur.

Messr. Chief Justice Gary and Justice Watts dissent.