13118

DURST *ET AL.* v. SOUTHERN RAILWAY CO. *ET AL.*

(159 S. E., 844)

Mr. *Frank G. Tompkins,* for appellant.

Messrs. *Melton & Belser* and *C. T. Graydon,* for respondent.

April 14, 1931.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This case presents a splendid illustration of the law's delays—delays occasioned more, however, by the lawyers and the failure of jurors to agree than by the Courts, although the latter seem to have contributed a little, too, to the long existence of the cause, without a final determination. It is hoped that the decision of this Court at this time will at last bring the cause to an end.

On December 24, 1921, the plaintiff Mrs. Essie Mae Durst was injured, as she alleged, while a passenger on a train of the defendant railway company. She and her husband, George W. Durst, Jr., brought this action on April 14, 1922, in the Court of Common Pleas for Richland County, against the defendant railway company, and one of its flagmen, L. P. Williams. The case was first tried before Honorable W. H. Townsend in the spring of 1922. There was an appeal from that trial to this Court, which resulted in a reversal of what the lower Court had done, whatever that was. *Durst v. Southern Railway Co.,* 130 S. C., 165, 125 S. E., 651.

The appeal this time depends very much upon occurrences in the Circuit Court at the first trial and the decision of this Court on that appeal, so right at the beginning, and for the purpose of saving some repetition, we think it well to go into

the history of the cause from the first trial to the conclusion of the first appeal.

The gist of the original complaint was contained in the fourth, fifth, and sixth paragraphs of that instrument, which were as follows:

"4. That while the plaintiff, Mrs. George W. Durst, Jr. (called Mrs. Essie Mae Durst later), was traveling on such train, Lonie P. Williams, one of the defendant's agents or employees, negligently, willfully and wantonly overturned an oil lamp and tank upon the plaintiff, the said lamp or tank striking the plaintiff upon her head, thereby seriously injuring and bruising same, the oil and smoke therefrom damaging and ruining all of her clothing and wearing apparel.

"5. That said acts on the part of the defendants were due to their negligence, carelessness, willfulness and wantonness in (a) allowing the said lamp and tank to overturn and strike plaintiff's head and (b) in allowing the said lamp and tank to explode and oil and smoke therefrom to spatter over plaintiff's clothing.

"6. That as a result of the aforesaid acts of negligence, willfulness and wantonness on the part of the defendants, the plaintiff was put to great trouble and inconvenience, suffered practically complete loss of all her clothing, has been rendered permanently sick and disabled, has been made to have a miscarriage, has suffered great physical and mental pain, to her damage, actual and punitive, in the sum of Ten Thousand ($10,000.00) Dollars."

At the first trial, the jury rendered a verdict in this form: "We find for the plaintiff against the defendant, Southern Railway Company, the sum of $4,000.00

*No judgment was entered upon that verdict for or against any of the parties, plaintiff or defendant; and it appears that even unto this day no judgment thereupon has been entered. When the cause was in that condition, there should not properly have been an appeal to this Court, as we shall later show.*

But there was an appeal. Such appeal, it appears, was on the part of the Southern Railway Company *alone from the verdict* rendered against it in favor of the plaintiff. There was no appeal on the part of the defendant Williams, and none on the part of the plaintiff as to any verdict rendered in favor of Williams, if there was a verdict in his favor.

All the parties to the cause, however, and their lawyers and this Court evidently treated the appeal as one *from a judgment* of the Court of Common Pleas of Richland County. The lawyers undoubtedly overlooked the law, hereinafter adverted to, that allows an appeal from a judgment but does not permit an appeal from a verdict. This Court naturally assumed that a judgment had been entered up and entertained the appeal. In the report of the case, it is stated, "Judgment for plaintiffs against the defendant Railway Company and it appeals." Mr. Justice Cothran, who wrote the leading opinion for a majority of the Court, called attention to the failure of the record to disclose clearly what had been done in the lower Court in the following language: "The jury rendered a verdict in favor of the plaintiff for $4,000.00. It does not distinctly appear in the record whether this verdict was against the railway company alone, or against the railway company and in favor of the codefendant flagman, although counsel for both sides have argued the case as if it had been against the railway company alone, and we will assume that such was the case."

The result in the lower Court was reversed on the grounds, briefly stated, that the action, as shown by the complaint, was one against the railway company and its employee for injuries sustained by the plaintiff Mrs. Durst, *due to the sole negligence* of the employee; that there was no general allegation of negligence on the part of the railway company; that in such circumstances the plaintiffs could not recover against the railway company alone; and that the trial Judge had erroneously charged the jury otherwise. It was expressly stated in the opinion of the Court that it was

not necessary to consider any of the exceptions of the appellant, except the one relating to the charge along the line mentioned. The holding followed the decisions of this Court in *Sparks v. Railway Co.,* 109 S. C., 145, 95 S. E., 344; *Jones v. Railroad Co.,* 106 S. C., 20, 90 S. E., 183; *Sparks v. Railroad Co.,* 104 S. C., 266, 88 S. E., 739, and those cases were cited in the opinion.

The judgment of this Court on December 10, 1924, as stated in the conclusion of the opinion of Mr. Justice Cothran, was rendered in the following language: "The judgment of this Court is that the judgment of the Circuit Court be reversed, and that *the case be remanded* to that Court *for a new trial.*" (Emphasis ours.)

On September 2, 1925, at the instance of the plaintiffs, over the objection of the defendants, Judge Townsend allowed the plaintiffs to serve an amended summons and complaint in the action as originally commenced, whereby T. W. True, the engineer in charge of the railway company's train, was made a party defendant, and the plaintiffs were permitted to allege additional negligent acts on the part of True and against the railway company generally.

So far as this appeal is concerned, it is only necessary to quote the sixth paragraph of the amended complaint, which was as follows: "That the plaintiff's said injuries were due to and caused by the negligence, carelessness, willfulness and wantonness of the defendant, Southern Railway Company, in its failure as a carrier to use due and proper care for the safety of the plaintiff as a passenger as above alleged, combining and concurring with the negligence and willfulness of the defendants, True and Williams, as hereinafter set forth; that such negligence and willfulness on the part of the Southern Railway Company, which combined and concurred with the negligence and willfulness of the defendants, Williams and True, to produce the plaintiff's said injuries were manifested in divers ways, including those

hereinafter particularly mentioned, and through divers servants or employees as well as through the defendants, Williams and True, and that such negligence and willfulness on the part of the defendants, Williams and True, so combining and concurring with such negligence and willfulness on the part of the defendant, Southern Railway Company, was manifested in the following particulars, as to which all of the defendants were jointly and concurrently negligent, to wit: (a) in failing to have the same lamp properly inspected and in failing to have the same properly and securely fastened in its holder in said coach; (b) in having and keeping in said coach an old out of date lamp and having the same lighted by oil or fluid in part or wholly from coal or petroleum which would ignite at a temperature of less than three hundred degrees Fahrenheit, in violation of the civil and criminal laws of this State; (c) in causing and permitting the said tank and lamp to fall over and upon the plaintiff, injuring her person and clothing; (d) in allowing and causing the said lamp to overturn and strike the plaintiff, and to shock and injure her nervous system, causing her to have a miscarriage; and that the plaintiff's said injuries were due to the joint and concurrent negligence and willfulness on the part of all of the defendants, for which the said defendants are liable, jointly and severally, to this plaintiff."

The defendants gave due notice of their intention to appeal from the order of Judge Townsend allowing the amendment, but very properly did not press the appeal at that time, awaiting the final determination of the cause in the Circuit Court.

It appears the new defendant, True, defaulted.

The defendants railway company and Williams, in their answer to the amended complaint, set up mainly a general denial as they had formerly done in answering the original complaint. In addition, they further alleged that on or about June 2, 1923, a verdict had been rendered in the case against

Southern Railway Company alone, which verdict released Williams from any liability; that the railway company appealed from that verdict, and no appeal was taken by the plaintiffs from the verdict releasing Williams; that therefore Williams had been fully released by reason of the fact that the Supreme Court had held that no verdict could be found against the defendants in the case, unless it should also be found against the defendant Williams.

Two trials of the case resulted in mistrials. During one of these trials, in some manner or other—the attorneys do not seem to agree in what manner—the defendant True was eliminated.

Finally, on a date not appearing in the record, the cause was tried the fourth time. In that trial, Honorable T. J. Mauldin, Circuit Judge, presided. According to the record, the jury rendered a verdict against the defendants Southern Railway Company and L. P. Williams, for $4,000.00 actual damages, and the transcript shows *"judgment has been duly entered of record on said verdict."*

From the judgment so entered, defendants railway company and Williams have appealed to this Court.

Originally there were five exceptions on the part of the appellant railway company; five on the part of the appellant Williams; and eight on the part of the two appellants jointly. Of the total eighteen exceptions, nine were abandoned. The remaining nine exceptions relate to the order of amendments of Judge Townsend; the failure on the part of Judge Mauldin to direct a verdict in favor of the appellants, his declination to charge one of their requests, and his refusal to grant them a new trial. These exceptions, according to the grouping of appellants' counsel, raise only four questions.

The positions of the appellants, as we understand them, are as follows:

1. The verdict in the first trial in favor of the defendant Williams on which no judgment was entered, but which

was treated as a verdict ("judgment," we suppose, was intended), by all the parties and this Court, and from which no appeal was taken by plaintiffs, operated as a bar to any subsequent action against Williams.

2. The release of Williams—if he was released—also operated to release the railway company, since the complaint originally alleged negligence on the part of the railway company through the negligent acts of Williams alone.

3. After the first trial, the complaint could not be so amended as to change substantially the cause of action.

4. The plaintiffs having alleged joint and concurrent acts of negligence against the defendants, from which the injuries occurred, and there being no proof of negligence against one of the defendants, the judgment cannot stand.

In considering appellants' first proposition, we should ascertain if there was, as contended, a verdict in the first trial in favor of Williams against the plaintiffs. Looking at the language of the verdict alone, we would be compelled by the authorities in this State to hold contrary to the appellants' contention. There was no mention in the verdict of the defendant Williams. The first verdict was in favor of the plaintiffs against the railway company alone. So far as the wording of the verdict disclosed, the issues between the plaintiffs and Williams were left undetermined. In *State v. Baldwin,* 14 S. C., 135, the plaintiff sued three persons, Baldwin, Duffie, and Kinard, upon the official bond of Baldwin, as county treasurer, Duffie and Kinard being the sureties. The first verdict returned by the jury was as follows: "We find for the plaintiff the sum of $3,-110.74, against C. H. Baldwin." In discussing that verdict, Mr. Justice McIver, for this Court, said this: "The action was against three persons, and the verdict, as first announced, was manifestly incomplete and not in legal form; while it determined the issues as between the plaintiffs and one of the defendants, as to the other two it left the issues wholly undetermined. The jury, therefore, when they first

announced their verdict, had manifestly failed to complete their task, and the Judge properly recommitted the case to them for the purpose of enabling them to finish their work. The case was not recommitted because the jury had made an incorrect finding, but because they had failed to find at all as to two of the defendants."

The language of Mr. Justice McIver in the *Baldwin case* was approved in *King v. Lane,* 68 S. C., 430, 47 S. E., 704.

There was no effort on the part of the Court or any of the parties to make any correction of the verdict as was done in the *Baldwin case,* and as might have been done under numerous holdings of this Court. See the recent case of *Lorick & Lowrance v. Walker,* 153 S. C., 309, 150 S. E., 789, and cases there cited.

Without intending for a single moment to question in the least the holding of that great jurist, Honorable Henry McIver (for whom we, in common with all the bench and bar of South Carolina, have the greatest respect and veneration), we must regard what he said in the *Baldwin case* as being somewhat technical; and we would not be disposed to follow it too closely. We think the construction of a verdict should, and can, depend upon, not only the language used by the jury, but other things occurring in the trial may be, and should be, properly regarded in determining what a jury intended to find. In a quite recent case, this Court followed the latter suggested course. In *Rhodes v. Southern Railway Company et al.,* 139 S. C., 139, 137 S. E., 434, the jury's verdict was in this language: "Verdict against Southern Railway only account this steam being beyond Engineer R. C. Carter's control for plaintiff of eight hundred dollars." There, where the railway company and Carter were joined as defendants in a suit, we held the language of the verdict, under the circumstances, clearly expressed the intention of the jury to find against the railway company only, and to acquit its codefendant, Carter. The holding was based, not only upon the wording of the

verdict, but upon certain occurrences that took place in the trial.

We have before us, by agreement of counsel, in the transcript, the charge of his Honor, Judge Townsend, in the first trial of the case. Therein, he gave certain instructions showing that the jury might find a verdict against both the defendants or against the railway company alone. Mr. Justice Cothran, in his opinion in the case as reported, called attention to some of those instructions, as follows: "If the lamp in question was overturned and fell in consequence of, and as a proximate result of the failure of the defendant company to use such care, it would be responsible to plaintiff for any injuries, if any there were, thereby occasioned to her, *regardless of whether or not the defendant Williams was also negligent in handling* the lamp. * * * If however Williams was not negligent in handling the lamp, and did not negligently cause its fall, he would not be liable to plaintiff for any damages. If, however, the company was negligent in failing to use proper care to keep the lamp secure and in causing it to be overturned or to fall, *through some agency other than Williams*, then under such circumstances the company alone would be liable to Mrs. Durst, while Williams would not be."

In addition to the quotation of Mr. Justice Cothran, we call attention to instructions as to the forms of verdict given by Judge Townsend in the concluding portion of his charge. He instructed the jury as follows:

"If you find from the evidence that Mrs. Durst is entitled, under the law as I have stated it to you, and the evidence, to recover damages against both defendants, the form of your verdict would be, we find for plaintiff—so many dollars—fixing the amount—damages. And in case you should find she was entitled to recover damages against one of the defendants, but not against the other, you would add a clause to the form of the verdict stating against which particular defendant you find.

"If you find that Mrs. Durst has failed to establish a right, under the law as I have stated it to you, and the evidence, to recover against either one of the defendants—that is, that she is entitled to recover damages from neither of them, then the form of your verdict would be, we find for the defendants."

Taking the language in which the verdict was couched in connection with the instructions as to the right of the jury to find against one or both of the defendants, and the instructions as to the forms of the verdict, it is our opinion that the verdict rendered in the first trial clearly indicated the intention of the jury to find against the railway company alone, and to acquit its codefendant, Williams, and to that extent we agree with the view of the appellants.

If, upon the verdict of the jury, judgment had been properly entered up in favor of the defendant Williams against the plaintiffs, and that judgment had not been interfered with by the lower Court or by this Court on the appeal, the judgment, of course, would have been a bar to the right of the plaintiffs to recover at any future time against Williams on the same cause of action. *Sparks v. A. C. L. R. R.,* 109 S. C., 145, 95 S. E., 344.

But a judgment was not entered in favor of Williams, and the general rule is, to which there are exceptions, that the verdict of a jury, upon which no judgment has been entered, is not sufficient upon which to base the plea of *res adjudicata.* 34 C. J., 766. One of the recognized exceptions to this general rule, as pointed out by the appellants, seems to be where the parties have acquiesced in the verdict or tacitly or expressly agreed to let it stand in the place of a judgment. *Id.*

It is apparent that all the parties to this cause treated the verdict of the jury as a judgment. Plaintiffs' counsel, it now appears, did not enter up a judgment in favor of their

clients against the railway company. The same attorney represented both of the defendants in the first trial and on appeal to this Court. He did not cause any judgment to be entered up in favor of his client, Williams.

This Court, of course, in hearing the appeal, assumed that a judgment on the verdict of the jury had been properly entered up in the lower Court; otherwise, the appeal would not have been entertained. Section 3 of Rule 4 of this Court requires the "Statement" in the transcript of record for appeal to contain "the date and nature of the order or judgment appealed from." The appeal in the case should have been, only from the judgment, and not from the verdict of the jury. *Winsmith v. Walker*, 5 S. C., 473; *First Nat. Bank v. Gary*, 14 S. C., 572; *Molair v. Railroad Co.*, 31 S. C., 510, 10 S. E., 243; *Davis-McGee Mule Co. v. Marett, Sheriff*, 129 S. C., 36, 123 S. E., 323, 325; *Kneece v. Hall*, 156 S. C., 73, 152 S. E., 815.

Since all the parties to the action treated the verdict in the first trial as a judgment, and allowed this Court to decide the appeal upon the assumption that the attorneys had followed the law and properly entered up judgments, we are of the opinion that it is too late now for any of the parties to object to the course which they themselves pursued and misled this Court into pursuing. Considering the verdict, under all the circumstances, as a judgment, the plaintiffs had a judgment against the railway company alone; they had none against the defendant Williams; on the other hand, Williams had one in his favor. There was no appeal on the part of Williams. Indeed, there was no reason for him to appeal. There was no appeal on the part of plaintiffs from the verdict and supposed judgment in favor of Williams. So when this Court reversed what had been done in the Circuit Court, it only reversed the verdict and supposed judgment in favor of the plaintiffs against the railway company. Williams was not, and could not have been, affected by the judgment of this Court, for he was

not a party to the appeal to this Court. *Sparks v. A. C. L. Railroad,* 109 S. C., 145, 95 S. E., 344.

The release of Williams from the case, however, did not operate to release the railway company, as urged by the appellants in their second proposition. The appeal in the case from the first trial in the lower Court was an appeal on the part of the railway company alone from the verdict and supposed judgment in favor of the plaintiffs. In determining that appeal, this Court, in the opinion written by Mr. Justice Cothran, considered only exceptions on the part of the railway company to the charge of Judge Townsend, the trial Judge. This Court held that the charge was erroneous. The judgment of the Court was: "That the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial." This Court did not direct that a verdict should be entered up in favor of the railway company, as, perhaps, it might have done. When this Court directed "that the case be remanded * * * for a new trial," and the remittitur went down, this Court lost jurisdiction in the case, and it stood for a new trial in the Circuit Court between the plaintiffs and the railway company. Whatever error may have been committed by this Court, if any was committed (and if such it was induced by the failure of the record to be properly made up), could not be corrected. *Carpenter v. Lewis,* 65 S. C., 400, 43 S. E., 881; *Forrest v. McBee,* 78 S. C., 105, 58 S. E., 955.

When the case of the plaintiffs against the Southern Railway Company went back for a new trial, so far as those parties were concerned, the case stood as a new case. The plaintiff had the right, upon the order of the Circuit Judge, to bring in new parties, excepting Williams, of course, and to amend their complaint in the proper manner. *Hall v. Woodward,* 30 S. C., 564, 9 S. E., 684; *Holliday Co. v. Raleigh, etc., R. R. Co.,* 91 S. C., 51, 74 S. E., 41. The amendments of Judge Townsend were permissory with-

in the discretion allowed him, and the appellants' third prop-osition cannot be sustained.

As to the fourth position of the appellants, they argue that no negligence on the part of Williams was established, and, even if negligence was shown as to the railway com-pany, which was the proximate cause of the injuries sus-tained by Mrs. Durst, that the judgment against the railway company cannot stand, since the action was one on tort, based upon the joint and concurrent negligence of Williams and the railway company. We assume also that the appellants take the position that, if we hold that Williams is released—and we have so held—that it necessarily results in the release of the railway company.

It is to be noted that the amended complaint, on which the last trial proceeded, sets up acts of negli-gence on the part of the railway company through agents and servants other than Williams and True. This last complaint charged negligence on the part of the railway company in failing to have the lamp, which fell upon and injured Mrs. Durst, properly and securely fastened in its holder, and in keeping in the passenger coach, where Mrs. Durst was riding, an old out of date lamp, etc. These al-legations were not contained in the original complaint. The amended complaint specifically charged, also, that the rail-way company was negligent "in its failure as a carrier to use due and proper care for the safety of the plaintiff as a passenger." There was no motion on the part of the de-fendants, or either of them, to require any election on the part of the plaintiffs. Without discussing the right of the plaintiffs to recover against one tort-feasor alone, where the complaint charges joint and concurrent acts of negligence (*Rhodes v. Southern Railway Company et al., supra*), the failure of the defendants to make any motion to elect pre-vented them from thereafter raising any question in that regard (*Martin v. Hines,* 150 S. C., 210, 147 S. E., 870).

In addition, as already pointed out, this Court ordered a new trial of this case between the plaintiffs and the defendant railway company. It was the duty of the lower Court, unless the parties agreed otherwise, to proceed to a trial of the case between the plaintiffs and the railway company.

It is the judgment of this Court that, as to the appellant Southern Railway Company, the judgment below be, and the same is hereby, affirmed; and that the judgment as to the appellant Williams, be, and the same is hereby, reversed.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting): I fully concur in the following propositions announced in the leading opinion of the Chief Justice:

(1) That the judgment in the first trial, from the result of which the railroad company alone appealed (see report in 130 S. C., 165, 125 S. E., 651), must be considered as a judgment in favor of the plaintiffs for $4,000.00 damages, and at the same time a judgment in favor of the defendant Williams. (NOTE.—This construction does not appear to have been sanctioned by his Honor, Judge Townsend, in his order granting the motion of the plaintiffs for an amendment to the complaint wherein he holds: "The former verdict in this case was in the form 'we find for the plaintiff against the Southern Ry. Co. the sum of four thousand dollars.' This was treated on the former appeal in this case as a verdict against the railway company alone, and not a verdict in favor of the flagman Williams. * * * It left the issues between the plaintiffs and Williams wholly undetermined. * * * There was no final determination of any issues in favor of Williams, and on the appeal of the railway company the Supreme Court remanded the case for a new trial.")

(2) That after the judgment of this Court was announced upon the former appeal, remanding the case to the Circuit Court for a new trial, it meant a new trial between the plaintiffs and the defendant railroad company.

(3) That the case, returning to the jurisdiction of the Circuit Court, stood as a new case; the plaintiffs had the right to move the Court for an order of amendment bringing in new parties defendant, and alleging additional grounds for recovery; and that the Circuit Judge had the power and right to allow the complaint to be so amended.

The order of amendment was to this effect: "That the plaintiffs have leave to serve the proposed amended complaint, a copy of which is attached to the notice of this motion, and also an amended summons in conformity to such amended complaint, making T. W. True a party defendant to this action.  *  *  * "

Under the construction by Judge Townsend of the former opinion, Williams remained in the case and filed with the railroad company an answer to the amended complaint.

The pertinent portion of the amended complaint, so far as this appeal is concerned, is the sixth paragraph, which is set forth in the leading opinion, which renders it unnecessary that it be repeated here. It is full to the brim of allegations of joint and concurrent wrongs on the part of the railroad company and the servants Williams and True; there is not a single allegation of general negligence on the part of the railroad company; every wrong or breach of duty charged to it is studiously connected with the other defendants as a joint and concurrent act of all. It is true that the complaint alleges that the railroad company was negligent in failing to have the lamp properly and securely fastened; in providing a dilapidated lamp; and in failing to respond to its obligation as a carrier to use due and proper care for the safety of the passenger. But every delict thus charged was coupled with the other defendants, apparently to make assurance doubly sure that a joint and concurrent wrong was intended to be charged against all of the defendants, so that there could be no removal to the Federal Court. As is said upon the former appeal in this case, which is true, and, if not, it is the law of this case: "The Court cannot shut

its eyes to the common practice and purpose of joining a perhaps impecunious servant as a party defendant with the master. It is a perfectly legitimate practice, and although we may know to a moral certainty that the purpose is to prevent a removal to the Federal Court, it has been decided that the plaintiff's purpose in doing a lawful act could not be inquired into or affect his right to choose his tribunal. At the same time his enjoyment of this conceded privilege must be taken with its concomitant disadvantages."

If the plaintiffs desired to make a separate and distinct allegation of negligence against the railroad company, there could have been no objection to their doing so and joining in the complaint other separate and distinct delicts on the part of the codefendant servants; but it is assumed that they knew that, if they did so, a separable controversy would have been presented between them and the railroad company which would have warranted it in removing the case. They are estopped by their pleading from recovering upon other than a joint and concurrent tort.

The amended complaint therefore sounding in joint and concurrent wrongs, there could not have been imposed upon the defendant the duty of moving for an order requiring the plaintiffs to elect upon which wrong they would ask for a verdict, as suggested in the opinion.

Having alleged such joint and concurrent wrongs, the plaintiffs were not entitled to recover against one of the tortfeasors. The rule is thus declared in *Pendleton v. Columbia Ry., Gas & Electric Company,* 133 S. C., 326, 131 S. E., 265, 268: "The plaintiff expressly alleges that the separate acts of negligence attributed to each of the defendants concurred and co-operated to produce the result—the injury complained of. Having elected to sue the two defendants in one action, and having alleged that the acts of each concurred in causing his injury—the only theory upon which he was entitled to sue both in one action—he must recover, if at all, upon the theory of joint liability, and not upon that

of separate causes of action predicated upon the several liability of the two defendants."

The disposition of the question is so logically and thoroughly disposed of by Justice Marion in the case just cited that a further discussion of it by me could not possibly furnish further enlightenment.

The result is this: It is, I think, as stated, clearly demonstrated by the leading opinion that Williams was released by the former judgment, which should have been so ruled by his Honor, Judge Mauldin, upon this trial, and the codefendant True having been eliminated by some kind of order or stipulation, not clearly appearing, it became impossible for the plaintiffs to prove a case of joint and concurrent tort as alleged, and therefore a judgment in favor of both defendants should have followed.