13282

## BAGWELL v. LIBERTY LAND & SECURITIES CO.

(161 S. E., 417)

*Messrs. Mann & Plyler* and *W. C. Mann,* for appellant:

*Messrs. Finley & Wyatt* and *Hughes & Hughes,* for respondent.

December 1, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE.

This is an action for damages growing out of the loss of plaintiff's left hand while operating a shredding machine on a farm owned by defendant. In substance, the complaint charged that plaintiff at the time of his injury was in the employ of defendant operating a machine owned by it; that he was inexperienced; and that defendant was negligent and wilful in various particulars respecting the condition and operation of the shredder, as the result of which he suffered the injury complained of.

Defendant denied the employment of plaintiff and also denied that it owned the machine upon which he was injured. Subject to these denials, it further pleaded the defenses of assumption of risk and contributory negligence.

On the trial, at the conclusion of all the testimony, Circuit Judge Henry directed a verdict for defendant upon two grounds: First, that the relationship of master and servant had not been established; and, second, that, even if established, plaintiff assumed the risk of his employment.

A motion for a new trial was made and refused. Upon the motion for a new trial, the Circuit Judge considered and decided the same questions which had been presented upon the motion of defendant for a directed verdict. This fact is of importance in the light of the condition of the record before us.

On the threshold of our consideration of the exceptions, we are met with a record which fails to show that a judg-

ment was entered on the verdict found for defendant. In fact, appellant states that his appeal is from "the Judge's direction of a verdict." The question of jurisdiction is apparent. There can be no appeal merely from a verdict. *Durst v. Southern Railway Co.* (S. C.) 159 S. E., 844. Counsel for both sides, however, have argued the appeal as one from the order refusing a new trial—the only matter of finality in the record. No motion has been made to dismiss. In the interest of justice we shall pass by this technical question of procedure and consider the appeal upon its merits. *Columbia Nat. Bank v. Rizer,* 159 S. C., 451, 157 S. E., 624.

But two questions are raised by the exceptions: (1) Was there error in directing a verdict for defendant on the ground that the relationship of master and servant had not been established; and (2) was the evidence susceptible of no other reasonable inference than that plaintiff assumed the risk of his injury?

A review of the record shows that plaintiff offered evidence tending to sustain the allegations of his complaint as to employment by defendant and with respect to the condition and operation of the machine in the particulars set out in the complaint. Defendant offered testimony in strong and direct conflict therewith.

Under the conflicting evidence adduced with all the reasonable inferences which might properly be drawn therefrom, the questions raised by the exceptions, in our opinion, were for the jury. *Leitner v. Railway Co.,* 145 S. C., 489, 143 S. E., 273; *Maddox v. Steel Heddle Mfg. Co.,* 149 S. C., 284, 147 S. E., 327.

The issue of credibility of the witnesses was peculiarly for the jury.

As the case must go back for a trial, we have refrained from a detailed discussion of the evidence.

The judgment of this Court is that the order appealed from be reversed and the case remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN not participating on account of illness.